My name is Alan Sohn. I represent the executor of the estate of Barbara Burmeister, Ms. Christina D. Heinzen. This matter comes before you on an issue of personal jurisdiction. The question being whether the trial court could exercise personal jurisdiction over a trustee of the Barbara Burmeister Trust, which the trustee not being named a party to the proceedings below. Let me ask you a question. Can a person submit themselves to the court's jurisdiction? No, just answer my question, yes or no. Yes, if they are a party. If they are a party, then they could be subject to the court's jurisdiction. Well, when you say if they are a party, okay, if a person states that they are a trustee and they call themselves trustee, that's not submitting to a jurisdiction of the court? No, I do not believe so, Your Honor. Do you have a case that says so? Well, the cases say that in order to be subject to the jurisdiction of a court, one must be a party first. So if one pleads themselves, asks to be pleaded as a party and files an appearance, then one could be subject to the jurisdiction of a court. But I couldn't come before you or before any court and say I'm Alan Sohn and I'm interested in this case and I'd like to file a motion. I'm sorry, there are students coming in. Counsel, for that first seat where the coat is, that brown coat, can you move so students can sit there? Thank you very much. And I'm sorry to interrupt you, but since we have young people, I'd like them to be able to hear what you're saying. I would like that, Your Honor, as well. There's a few seats on the front row. Right. And where's Darren? He's gone. Where are the students from? Legacy Charter School. Legacy Charter School. Thank you. And on behalf of all of us, we welcome you. This is Justice Hall and Justice Gordon. Justice Hall is our senior judge on this panel. Justice Gordon is the next senior and I'm the junior. I'm actually the presiding judge right now, which means the person who usually sits in the middle, but I'm ill and so I'm sitting here. All right. So we'll have an opportunity to talk with you at the end. We're right at the beginning of the case and there's one case for this morning. And counsel, we apologize for the interruption. And so please proceed with your opening statement. Thank you, Justice Hall. And I'll reverse the clock to ten after ten. Thank you. Go ahead. Please proceed. Thank you. Our apologies. I've had occasion to come before a court and say that I represent an individual, whether that individual is a corporation or a partnership or a ask the court if I can have certain relief. The court would respond to me immediately, I can't give you any relief because you are not a party to this case. You must file, you must plead yourself as a party, file an appearance, and then I can hear your motion. But before then, I cannot hear your motion and I cannot assert any jurisdiction over you. So in this case, the appellee Counsel, no motion to dismiss personal jurisdiction or any other such motion was filed by your client. Is that correct? That is correct. That is because she was not a party and so it was deemed not necessary for her to file a motion to dismiss. Because she was never named in any of the petitions filed by Ms. Fink or Mr. Neal. But she did take the occasion to respond to pleadings that had been filed. No, she did not, Your Honor. She did not? No, there are no pleadings, no responses in this, that are filed in this case. Although the appellee would try to have you believe the in which the trustee is responding. Every single pleading is responded to, first of all, is directed against the executor if it's filed by the petitioner, Ms. Fink, and it's signed by the attorney for the executor, not by the trustee. Let me ask you this. On September 13th, 2010, did not Eric and Wendy file a petition asking a division to compel Christina to place Canadian property on the market? And then didn't Christina file a response to the petition to compel referring to herself as executor, executive trustee and trustee? No. She didn't do that? No, she filed a response. The petition was filed asking the executor to sell certain real estate, and the executor filed a response. In the response, she referred to the trustee as being in control of this property, which was in Canada. She referred to the Canadian property as not being subject to the jurisdiction of the court, but being because it is located in Canada. But she never filed a response. The trustee never filed a response. The executor was the only person, only party that filed a response. Well, didn't she refer to herself in the response as executor, executive trustee and trustee? She referred to herself as executor, and she also mentioned that she was also the trustee. But she did not file a response as trustee, and she did not sign any response of pleading as trustee. Every response of pleading was filed as attorney for the executor. If there was a verified pleading, it was signed by Christina Hines as executor. Then again, on November 4, 2010, she filed a response. She referred to herself as executor, executive trustee and trustee. The response was filed by the executor to a petition that was filed asking the executor for relief. The body of the response may have referred to herself as also the trustee, but it was not signed by the trustee. It was signed by either myself as attorney for the executor or the executor herself. It was never signed. There is no pleading in this cause that is signed by Christina Hines as trustee. Well, you know, once she refers to herself as the trustee and the matters involved the trustee, it's your argument that because she wasn't made a party as the trustee, that she didn't submit herself to the jurisdiction of the court. That's my position. And you can't find me one case in America that says that, can you? Because it would be, I think, beyond due process. It would be a violation of due process for a court to exercise jurisdiction over somebody who has not been named a party. Well, when the person themselves submit themselves to the court's jurisdiction by naming themselves as a trustee, she didn't have to call herself trustee. This probate procedure had nothing to do with the trust. That's what you're saying. Well, Justice Gordon, I refer you to the Hazeltine case, which is Zenith Radio Corporation v. Hazeltine Research, Inc., 395 U.S. 100, a Supreme Court of the United States case, where the Hazeltine Corporation filed a stipulation in the Seventh Circuit saying that they would be treated one and the same as Hazeltine Research, Inc., which was one of their subsidiaries. The Supreme Court held that any judgment order entered in that case was a nullity as to Hazeltine Corporation because they were not a party to the case. Well, I understand, but that's got nothing to do with somebody here who calls themselves trustee on matters concerning a trust. The response of pleading was filed by the executor and mentions the trustee. Well, that's the fatal move. That's the fatal move. Well, Your Honor, I think that it's one of those conundrums. Explain to me why it's not. It's not a fatal move because she is not a party. It was important for the court to know who had title to this Canadian real estate. So Ms. Heinzen as executor had to refer it. It was only logical and necessary for her to refer to the fact that this property is owned by the trustee upon the death of Ms. Burmeister. It automatically becomes owned by the trustee under Illinois law. That's not the problem. The problem is that she refers to herself as a trustee. Show us how that doesn't submit to the jurisdiction of the court. There is no case in the United States which says that when you refer to a party, a person, in a pleading, that that submits that person to a jurisdiction of the court. There is no case. I mean, we have Illinois cases, the Goodkind case and the Babel v. Kavanagh case which we cited in our reply brief where the party, the executor was not named as a party, but the estate of Lillian Roush was named as a party. That's Babel v. Kavanagh. The estate of Lillian Roush, executor and heirs were sued, but the name of the executor was not included in the summons or the complaint. The Illinois appellate court held that the executor, that the order entered in that case was not valid against the executor. In the Goodkind case... But that's not the same facts as here. Well... None of those cases are the same facts. See, that's the problem. Every case is different. Well, I understand that. But in no situation, in no situation in this case has the trustee for herself filed a responsive pleading, and that's what Section 2-301 requires. Well, you see, I think it is a responsive pleading when somebody refers to themself as a trustee. When they say, yes, I am the trustee, then they are filing a responsive pleading to a trustee. If they file a responsive pleading and say, now comes Christina D. Hineson as executor of the estate of... And trustee, she says. And trustee. No, she does not. She says she refers to herself as a trustee in the body of the memorandum of law. But she doesn't sign that responsive pleading or any responsive pleading in this cause as trustee. She has never, the trustee has never had a petition filed against her in this case. The only petitions that have been filed have been filed against the executor. I'm being repetitive, but if you could not tell the story in this case without referring to the trustee, because the trustee owned the assets, owned all the assets. There are no probate assets. The only reason... Except counsel, isn't it true that the only assets in this case were from the sale of the Canadian property? There are no probate assets in the state of Illinois. The sale of the assets, the Canadian property, obviously is in Canada. And there's an ancillary administration there. As I understand it, that the Canadian property could not be placed into the trust because of the laws of Canada would not permit the same. So does that not mean that the Canadian property, which I understand is the result of the sale of that would be the funds that the, that your client is executor over, would have come into the estate and not into the trust? And it was the proceeds of the estate that the court had jurisdiction over, if not the trust, as you're saying that no document was ever filed in the name of the trustee. So would that not then subject, since the court had jurisdiction over the estate and over the executor of the estate, then did they not have jurisdiction over these proceeds and therefore were able to make the determinations that they made? Your Honor, Justice Hall, exactly one week before the decision, the order that we're appealing from, Judge Coleman held that the assets in Canada were not part of the estate, the probate estate in Cook County, that they were a part of the trust that, so the assets in Canada, the proceeds of sale never came into the probate estate in Illinois. They went directly to the trustee. So there were no assets over which the executor had control. They were all in the name of the trustee. All in the trust. They were all in the trust. And there were no assets over which the executor had control. Right. Mrs. Burmeister turned over all her assets to her trust in 1990. She wanted to have, she didn't want to have a probate estate, but she was stymied because the law of Canada would not have recognized the deed into her trust. They would have required a probate. So we opened this probate estate merely to be able to have an ancillary administration in Canada so that we could sell and administer the property in Canada. Otherwise, this estate in Cook County had no assets. It never has had any assets. And when the proceeds of sale under Illinois law, first of all, the property in Canada became the property of the trust upon the death of Mrs. Burmeister. And that was ruled upon the week before. It's in this case. It became the property of the trust, not the property of the estate. Okay. Let me ask you a second thing. When did your client ever become the trustee of these matters? As I understand, the written documents indicated that Wendy was the trustee and not Kristen. So at what point was your client ever made trustee? While Mrs. Burmeister was alive, she amended her trust and changed the successor trustee from Wendy to Christina Heinzen. Do you have a copy of that document? Because I didn't see it in the reference. I don't have a copy of it. I know that there was a codicil that made Kristen the executor instead of Wendy. But was there a document that made her trustee? There was an amendment to the trust that changed the successor trustee from Wendy to Christina. But that's not a part of the record in this case. That's not a part of the record in this case. But there's no question that that occurred, and there's no issue that Christina was the successor trustee to Mrs. Burmeister upon Mrs. Burmeister's death. So she could have named Harris Bank as successor trustee, and we definitely would have a separate person. And we do have a separate person because it's an artificial person we're talking about. It's a trustee. The only reason that we have this somewhat of an ambiguity is because they're both the same people, but they are different for purposes of law. The legal entity is the trustee, Christina Heinzen. The legal entity separate from her is the executor, Christina Heinzen. And they wear two different hats, and they have two different legal ramifications. We're all familiar with that, Counselor. Right. But still, it's not part of the record. You're just saying that it exists. It exists, and it's not disputed. And it's undisputed. Right. It's undisputed that Christina Heinzen is the proper successor trustee to Barbara Burmeister when she died. And you refer to the amendment and the codicil. That may be one of the reasons why we have this dispute between the sisters, is that one sister didn't want that to happen, but the mother did. And that's where we are today. Your ten minutes has expired. So if you still want to reserve five minutes for rebuttal, you need to conclude. I will just conclude with the section in question here, Section 2-301 of the Codicil Procedure, which refers to parties. Only parties can waive personal jurisdiction objections. If one is not a party, it is not necessary to assert the objection. As Your Honor asked, we didn't file a motion to dismiss because we weren't a party. So it wasn't necessary for us to assert a personal jurisdictional objection. One who is not a party is not subject to the jurisdiction of the court, and the order of June 4, 2012 should be held to be a nullity and should be reversed. Thank you very much. Thank you. Kelly? Good morning, Justices Gordon, Wahl, and Lampkin. Stephen Sandusky representing the APA League. I tend to be very brief, and Your Honors have included in the discussion part of my response, but what was not mentioned at all is the fact that the counsel repeated that he filed no response. Well, Section A-5, 755-5-2301A-5 says, if the objecting party files a response of pleading or a motion other than the motion for an extension of time, Well, what about his argument that you have to be a party? Can you address that? Yeah, I can address that with a case, as a matter of fact, which counsel did not do. A case that I cited, and it's the Pellico case. It's in my brief. That was a case almost identical on its facts where the public guardian wanted to establish a guardianship for the benefit of a ward, and the ward had established a revocable trust prior to being declared a ward, and I think it was the brother stepped in front of the court and said, I'm the trustee of the trust. Don't appoint the public guardian. Appoint somebody else. And at a later time, that's all he did. He said they proceeded to appoint the public guardian. At a later time, when the public guardian wanted to collect fees from the corpus of the trust, the court said prior to Gregory's objection to jurisdiction, Gregory represented himself as trustee of his mother's trust to the circuit court. Because he represented himself to the circuit court, that was even before his attorney objected to personal jurisdiction. It's highly important that your honors focus in on a motion that was filed, which is part of the record 129-130, where it says, now comes Christina Heinzen as independent executor and as trustee of the Barbara Burmeister Trust by her attorney, Alan Sohn, and moves the court for instructions regarding the notice of attorney's lien. This was a corollary matter. It was kind of sparring that was going on. In that motion, a motion filed by Mr. Sohn, he wants to say that there's the executor over here and the trustee is over here and never the twain shall meet. What was the date of that? The date is May 2, 2011, and it's 129 in the court record. In that motion, he says, the independent executor is prepared to make an interim distribution of $25,000 from the trust to each of the residuary beneficiaries. Let me repeat that. The independent executor is prepared to make an interim distribution. He would have you believe that they're two separate people. They don't even know each other. The fact is that all of the responsive pleadings to the first set of motions to compel the sale, she considered herself to be the trustee and executor. And this motion, which is clear beyond a doubt, in the agreed order that is pursuant to that motion, this clause coming to be heard on the motion, this is 140 in the record, the independent executor and as trustee. And as part of the coercive order that is entered pursuant to agreement, Alan Sohn, attorney for the executor and trustee, is authorized to deposit the $25,000 check as an interim distribution. He is accepting the fact that he is the lawyer for the- Did he sign it as the executor's counsel or as counsel for the trustee? His argument has consistently been that there was no document which was filed by him that was signed as lawyer for the trustee. It only has been for as the lawyer for the executor. So that document that you referenced, who was it signed by and as? I understand you're saying in the body of it that there are various references and you could refer to almost anything in the body. But who was he representing at the time? If Your Honor takes the position that he wasn't representing the trustee- My question is- How did he sign it? It's signed Alan Sohn, attorney for executor. But I refer you to the Pellico case because if in fact he is not representing the trustee at that moment, he's only representing the executor, then what is the trustee doing in the body of the motion? And that is the Pellico case. She would basically be not represented by counsel. I mean, there's no question- Why couldn't they just be giving information to the court if all the funds were in the trust? Why is it just not informative? But the funds were not in the trust. They could refer to almost anything that happened at all in a bleeding. But the funds were not in the trust. How could the funds have been in the trust if he's saying in this motion the independent executor is prepared to make an inter-distribution of $25,000 from the trust? He's admitting that. From the trust. From the trust. That's how the funds could be in the trust. That's where he's saying they're coming from. But the executor is making the distribution from the trust. Yeah, that's your point. The executor is making- That's what I'm- He's admitting that. I'm sorry. That's what I'm talking about. The executor. She's treating this as the same. But irrespective of that, she's come before the court, and she has submitted herself to jurisdiction. There's no question. I am quoting the Pellico case. A circuit court can acquire personal jurisdiction by the consensual authority of a voluntary appearance. I submit, Your Honors, that everything that counsel did on behalf of the trustee was a voluntary appearance, and he only decided at a later date to raise the jurisdictional issue for reasons that are not on appeal right now. But on the Pellico case that you're referring us to, there was a party in that case, wasn't there? He was not a party. He made himself a party by appearing in front of the court. He was never a party. He was never a named party. He was never a named party. He came and said, don't appoint him, appoint me, and they considered that to be consensual agreement.  Other than that, I argue that Judge Coleman's ruling should be upheld, and that it should be determined that the court did have jurisdiction over the trustee. Thank you, counsel. Rebuttal. How do you distinguish the Pellico case? In Pellico, first of all, he was named as a party. If you read the case, Gregory Pellico was named as a party. He was served with notice, and he appeared. He was served with a petition, named in the petition. He appeared pro se, individually, and as trustee. So you're saying he was a party. He was a party. And in that dual capacity, he filed a response of pleading as individually and as trustee. So that's the distinguishing factor. It's a major distinguishing factor because he was named as a party. As the justice pointed out, in the motion for instructions regarding the attorney's lien, it was signed by the executor. The agreed order was signed by the executor. Yes, the executor received funds from the trustee to pay out, because that was the previous motion that had been filed in order to make a distribution, and the executor agreed to talk to the trustee herself, get money from the trustee, and make the distribution. But in all respects, the money is in the trust. The parties, the parties being Ms. Pink and Ms. Burmeister, could have utilized the services of the clerk of the circuit court, had a summons issued, or filed a complaint against the trustee. They never did. They seek to come in the back door with a gotcha kind of situation, which we do not countenance under the Illinois Code of Civil Procedure anymore. There is no gotcha. You are now within the jurisdiction of the court. Section 2-301 requires certain things to be done. First of all, you have to be named as a party. The proceeding, getting back to the proceeding for the attorney's lien, was a separate proceeding. As the justices know, in probate it's a little different than if you're in chancery or in the law division. There are many different proceedings going on within the probate court. There could be a citation proceeding. There could be a proceeding between the claimant and the executor. There could be a supplementary proceeding. All those proceedings are separate proceedings with separate parties. One does not cross over the other. The motion for instructions was filed with regard to a separate proceeding having to do with a prior petition that was filed by Ms. Pink and Ms. Burmeister and their deceased brother Eric. He died during the pendency of the probate. And that was resolved with a settlement agreement. But that was a separate proceeding. If the trustee is deemed to have somehow appeared in that proceeding, it's separate from this proceeding, which is a petition to compel, a further distribution filed a year later that has nothing to do with the prior proceeding. We take the position that the executor Are you saying that the $25,000 distribution was at issue where your opposing counsel referenced the May 2, 2011 document, that that was in a separate proceeding than what's before the court today? Yes. It's a separate proceeding. It involved a prior petition that had been disposed of. This is a new petition with different parties. Actually, Eric was no longer a party because he was deceased. And it was a separate petition proceeding in a parallel fashion with other matters that are going on in the probate proceeding. But it's separate. It's different parties. Ms. Heinzen, as trustee, never filed an appearance, never filed a response of pleading in this proceeding for sure. And our position is she never filed a response of pleading anywhere. She may have been referred to by the executor of necessity to tell the complete story. But everything was filed and signed by the attorney for the executor or by Ms. Heinzen as executor, not as trustee. Thank you very much for your time and attention. Excuse me. Any questions? Questions? Thank you, counsel. You're welcome. This matter will be taken under advisement. And the court is adjourned.